IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LEBERT A. GORDON,**

        **Petitioner,**

        **v.**                                        **CIVIL ACTION NO. 1:07cv85**
                                                                       **(Judge Keeley)**

**WARDEN at USP HAZELTON,**

        **Respondent.**

## REPORT AND RECOMMENDATION

On April 23, 2007, the *pro se* petitioner, an inmate at the United States Penitentiary ("USP") at McCreary, filed for both a writ of mandamus and writ of habeas corpus in the United States District Court for the District of Columbia. Upon review, that Court determined that the petitioner's exclusive remedy lies in a writ of habeas corpus. Because the petitioner's custodian was at that time the Warden at USP Hazelton, the matter was transferred to this Court on June 25, 2007. On July 11, 2007, the petitioner paid the required $5.00 filing fee.

On September 11, 2007, the undersigned conducted a preliminary review of the file and determined that summary dismissal of the petition was not warranted at that time. Therefore, the respondent was directed to show cause why the petition should not be granted. On October 11, 2007, the respondent filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment, with supporting memorandum and exhibits.

On October 12, 2007, the Court issued a <u>Roseboro</u> Notice in which the petitioner was

1

advised of his right to file a response to the respondent's motion. On October 23, 2007, the petitioner filed a reply, with supporting memorandum and exhibits.

**I.  The Pleadings**

**A.  The Petition**

In the petition, the petitioner asserts that he "never received the fully allotted amount of District of Columbia Institutional Good Time ("DCIGT") on his total aggregated 50 year minimum sentence." (Doc. 4-2, p. 4). After exhausting his administrative remedies, the petitioner now requests that the court order the Bureau of Prison ("BOP') "to properly calculate [his] Institutional Good Time Credit in accordance with the applicable statute governing the law at the time his offense was committed in 1985." (Id. at pg. 5).

**B.  The Respondent's Response**

In the response, the respondent asserts that the petitioner misunderstands the controlling authority and has miscalculated the amount of time for which he can receive good time credit. More specifically, the respondent argues that the petitioner is not entitled to earn institutional good conduct time during the twenty year mandatory minimum portion of his sentence.

**C.  The Petitioner's Reply**

The petitioner, in his reply, argues that because his offense was committed in 1985, the exception to the application of institutional good time credits does not apply to him, and he is entitled to earn credits on his mandatory minimum sentence.

**II.  The Petitioner's Conviction and Sentence**

Following a plea of not guilty in two separate criminal actions, the petitioner was convicted

in Superior Court of the District of Columbia to multiple offenses including Murder While Armed in Violation of D.C. Code §§ 22-2401, 3202[1]; Assault with a Dangerous Weapon in violation of DC Code § 502[2]; two counts of Carrying a Pistol without a License in violation of DC Code § 22-3204[3]; and two counts of Assault with intent to Kill while Armed in violation of D.C. Code §§ 22-501, 3202[4]. (Docs. 13-2, p 2, 13-3, 13-4, 13-5). He was sentenced on April 23, 1987 and October 22, 1987. As a result of these two Judgment and Commitment Orders, the petitioner is serving a term of imprisonment of fifty (50) years, eight (8) months to life, with a mandatory minimum term of twenty (20) years.

Under the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), D.C. ST. § 24-101 *et. seq.*, the petitioner was eventually transferred to the custody of the BOP. At that time, the petitioner initiated this matter, he was confined at USP Hazelton. He has since been transferred to USP McCreary, which is located in Pine Knot, Kentucky. However, a §2241 petition must be filed in the district of incarceration, United States v. Miller, 871 F. 2d 488 (4th Cir. 1989), and jurisdiction is determined at the time of filing of the petition. Hooker v. Sivley, 187 F. 3d 680, 682 (5th Cir. 1999). Thus, this Court continues to have jurisdiction over this matter even though the petitioner is no longer incarcerated in a facility located in the Northern District of West Virginia.

**III. Standard of Review**

---

[1] These provisions have been updated and recodified in §§ 22-2101, 4502, respectively.

[2] This provision has been recodified in § 22-402.

[3] This provision has been recodified in § 22-4504(b).

[4] This provision has been recodified in §§ 22-401, 4502.

A. **Motion to Dismiss**

In ruling on a motion to dismiss the Court must accept as true all well-pleaded factual allegations. Walker v. True, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 4506 (1957).

B. **Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary

judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

## **IV. Analysis**

The Revitalization Act provides that the BOP is responsible for computing the sentences of D.C. offenders housed in BOP facilities. D.C. ST. § 24-101(b). Moreover, such persons are "subject to any law or regulation applicable to persons committed for violations of laws of the United States consistent with the sentence imposed." Id. at § 24-101(a). Therefore, although the BOP is responsible for computing sentences of D.C. offenders housed in its facilities, the District of Columbia continues to control the computation of such sentences.

The District of Columbia Good Time Credits Act of 1986 ("GTCA") was enacted on April 11, 1987. D.C. Code § 24-428 et seq. (1989 Repl). Prior to the GTCA, neither the District of Columbia nor the federal government allowed good time credits against minimum sentences; good time credit was allowed only against maximum sentences. Council of the District of Columbia, Report on the District of Columbia Food Time Credits Act of 1986) (Report). The GTCA changed the previous law by allowing good time credits to be applied against minimum sentences. D.C. Code § 24-428(b). As originally written, the Act applied only to inmates housed in District facilities

and not to those District offenders assigned to federal facilities.[5] However, in 1991, the Act was amended to extend the application of institutional good time credits to all D.C. Code offenders incarcerated in any prison. See Franklin v. Ridley, 635 A.22d 356 (D.C. 1993). The time credited per month depended on the length of the sentence. Good time credits of five days per month applied to a sentence of "not less than 30 days and not more than 1 year," the shortest term covered. § 24-428(a)(1). Credits of ten days per month applied to a sentence of "10 years or more," the longest term covered. § 24-428(a)(5).

In reviewing the instant petition, it is pertinent to note that the petitioner was convicted of crimes that he committed in 1985. Therefore, he was not sentenced pursuant to the GTCA, which applies to offenses committed after April 11, 1987. However, an individual, who committed a D.C. Code violation prior to April 11, 1987, may earn institutional good time credits for the minimum term that overlaps April 11, 1987. (See Doc. 16-6, pg. 2). Therefore, were there no other applicable statutes, the petitioner would be entitled to earn good time credit on the entire portion of his minimum sentence that overlapped April 11, 1987.

However, D.C. Code § 24-221.06[6] provides as follows: "Institutional and educational good time credits shall not be applied to the minimum terms of persons sentenced under § 22-4502, § 48-901.02, § 48-904.01, § 22-2104(b), § 22-2803, or § 22-4504(b)." Therefore, this section imposes the additional penalty of withholding good time credits from the minimum sentence of offenders who commit violent crimes while armed. Accordingly, the petitioner, his arguments to the contrary

---

[5]D.C. Code § 24-428(a) (1989) provided:
    "Every person who is convicted of a violation of a District of Columbia ('District') criminal law in a court in the District of Columbia, imprisoned in a District Correctional facility, and who conduct is in conformity with all applicable institutional rules is entitled to institutional good tie credits in accordance with the provisions of this section."

[6]This section was formerly cited as DC ST 1981 § 24-434.

notwithstanding,[7] is not entitled to earn good time credits towards his minimum sentence of twenty years imposed under § 22-4502 for Murder while armed.

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss (Dckt. 13) be **GRANTED**, and petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**. In addition, the undersigned further recommends that the petitioner's Motion to Amend and Add Respondent[8] (Doc. 18) be **DENIED as MOOT.**

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the

---

[7] In particular, the undersigned notes that both the petitioner and respondent appear to miss the import of the Bureau of Prisons' Policy Statement 5880.32, which provides that "[f]or DCIGT purposes (for offenses committed from April 11, 1987 to June 22, 1994), the rate will be determined by the entire length of the minimum term imposed." As correctly noted by the respondent, the petition committed his crimes in 1985, and therefore, this provision does not apply to him. Moreover, even if this policy statement applied to him, the provision merely means that the number of days per month to be earned on the minimum term that exceeds the mandatory minimum, will be calculated by the total minimum term. It does not mean that the petitioner would be entitled to earn good time credits on his mandatory minimum sentence.

[8] As previously noted, after this matter was filed, the petitioner was transferred from USP Hazelton to USP McCreary, which is located Pine Knot, Kentucky. The petitioner, in his motion, seeks to amend his petition to add the name of the warden at USP McCreary as the respondent. However, jurisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction..U.S. v. Edwards, 27 F.3d 564, 1994 WL 285462, **1 (4th Cir.(S.C. (C.A.4 (S.C.),1994). Accordingly, there is no genuine need to amend the respondent's name.

right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: June 19, 2008

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE